IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TROVER GROUP, INC., and, <br> THE SECURITY CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> USA VISION SYSTEMS, INC., <br><br> Defendant. | § <br> § <br> § <br> §  CIVIL ACTION NO. 2:14-cv-1176 <br> § <br> § <br> § <br> §  **JURY TRIAL DEMANDED** <br> § <br> § <br> § <br> § <br> § |

## **DEFEENDANT USA VISION SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS**

Defendant USA Vision Systems, Inc. ("Defendant") answers Plaintiffs' Original Complaint (Dkt. No. 1) (the "Complaint"), asserts its affirmative defenses, and asserts its counterclaims as follows:

1. Defendant admits that Plaintiffs allege infringement of U.S. Patent No. 5,751,345 (the "'345 patent") and U.S. Patent No. 5,751,346 (the "'346 patent," with the '345 patent, the "patents-in-suit"). Defendant denies that Plaintiffs' infringement allegations are meritorious. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies them.

### **PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

4. Defendant denies that the defined term "Geovision" is accurate to the extent Plaintiffs are attempting to equate Defendant and Defendant's parent, Geovision, for the purposes of liability and other matters related to this litigation; Defendant's denial in this regard is applicable to Plaintiffs' ambiguous and unclear use of the term "Geovision" for the remainder of the Complaint. Defendant admits the remaining allegations set forth in Paragraph 4.

## JURISDICTION AND VENUE

5. Defendant admits that Plaintiffs purport to bring a claim for patent infringement. Defendant does not dispute that this Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant admits that the Court possesses personal jurisdiction over Defendant for the above-captioned matter. Defendant denies purposefully and voluntarily placing infringing products in the stream of commerce. Defendant denies installing infringing products. Defendant denies committing the tort of patent infringement in Texas, the Eastern of District of Texas, or anywhere else. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7. Defendant does not deny that venue is technically proper, but Defendant denies that venue is appropriate and reserves its right to seek transfer under 28 U.S.C. § 1404.

8. Defendant admits that Pacer database indicates that Plaintiffs brought the actions described in Paragraph 8 and that the procedural details alleged by Plaintiffs with respect to those actions appear accurate to the extent such information can be obtained from Pacer. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

patent infringement allegations underlying the litigation matters described in Paragraph 8 and, therefore, denies them.

## PATENT INFRINGEMENT

9. Defendant admits that Plaintiffs' Complaint includes attachments that purport to be the alleged '345 and '346 patents as described in Paragraph 9. Defendant denies that that the '345 and '346 patents were duly and legally issued, that the USPTO examined the applications underlying the '345 and '346 patents fully and fairly, or that any of the claims of the '345 and '346 patents are valid. Defendant denies the remaining allegations of Paragraph 9.

10. Defendant admits that the alleged copy of the '345 patent attached to the Complaint appears to include three independent claims and six dependent claims. Defendant admits that the alleged copy of the '346 patent attached to the Complaint appears to include five independent claims and two dependent claims. Defendant reiterates its denial that any of the claims of the '345 and '346 patents are valid.

11. Defendant denies that Plaintiff Security Center is entitled to seek any damages from, or injunctive relief against, Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12. Defendant denies Plaintiffs' allegations in Paragraph 12 that the products listed in Paragraph infringe either the '345 or the '346 patent. Defendant denies that Plaintiffs performed the necessary pre-suit investigation for alleging infringement against each of the products listed.

13. Paragraph 13 includes terms and phrases that are unclear and the meaning of which are likely to be subject of, or affected by, claim construction in this action. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 13 and, therefore, denies them. Defendant denies that Plaintiffs performed the necessary pre-suit investigation for alleging infringement against each of the products listed.

14. Defendant admits that it tests, demonstrates, and provides training on how to operate at least some of the identified accused products in the United States. Without admitting that Defendant agrees with any particular meaning Plaintiff ascribes to the list of support and services described in Paragraph 14, Defendant admits that its principal location in Irvine, California provides support and services generally consistent with those alleged in Paragraph 14. Defendant admits that it has attended trade shows in the United States, including those listed in Paragraph 14. Defendant admits that its website include demonstration videos for its IP camera and related products. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendant admits that it was an exhibitor at the 2013 ISC West trade show. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Defendant denies that it had actual knowledge of the '345 and '346 patents until the date when it was served with a copy of the Complaint.

## COUNT ONE

## PATENT INFRINGEMENT OF THE '345 PATENT

19. Defendant incorporates Paragraphs 1 through 19 of this Answer by reference.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

## COUNT TWO

## PATENT INFRINGEMENT OF THE '346 PATENT

23. Defendant incorporates Paragraphs 1 through 23 of this Answer by reference.

24. Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

## MISCELLANEOUS

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

## RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief sought or any relief or remedy whatsoever. Defendant denies that it has directly, indirectly, contributorily, or by inducement, literally or by the doctrine of equivalents, infringed, willfully or otherwise, the patents-in-suit. Defendant denies that Plaintiffs are entitled to any injunctive relief, damages, a declaration that this is an "exceptional" case, pre- or post-judgment interest, costs or attorneys' fees, or any relief at law or in equity.

## DEFENSES

Defendant asserts, without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, the following defenses and reserves the right to amend as additional

information becomes known.

## FIRST DEFENSE

29. Defendant has not infringed, and does not infringe, any valid, enforceable claim of the patents-in-suit, literally, under the doctrine of equivalents, directly, contributorily, by inducement, willfully, or in any other manner.

## SECOND DEFENSE

30. The asserted claims of the patents-in-suit are invalid and void for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

## THIRD DEFENSE

31. Plaintiffs are estopped from construing any valid claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any of the accused products because of admissions and/or statements made to the USPTO in the specification of, and during the prosecution of, the applications leading to the issuance of the patents-in-suit.

## FOURTH DEFENSE

32. Plaintiffs' alleged damages are limited to the extent that Plaintiffs, their predecessors-in-interest, or their licensees failed to properly mark pursuant to 35 U.S.C. § 287 or otherwise give proper notice.

## FIFTH DEFENSE

33. The equitable doctrines of acquiescence, estoppel, laches, unclean hands, and/or waiver bar some or all of Plaintiffs' claims for damages and other relief.

## SIXTH DEFENSE

34. No basis exists for the grant of equitable relief because Plaintiffs have an adequate remedy at law.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff USA Vision Systems, Inc. ("USA Vision") asserts the following counterclaims against Plaintiffs and Counterclaim Defendants Trover Group, Inc. ("Trover Group") and The Security Center, Inc. ("Security Center," with Trover Group, "Counterclaim Defendants")

### THE PARTIES

1. USA Vision Systems, Inc. is a California corporation with its principal place of business located at 9235 Research Drive, Irvine, CA 92618 USA.

2. Plaintiff Trover Group alleges that it is a Texas corporation with its principal place of business located at 101 East Park Blvd., Suite 600, Plano, Texas 75074.

3. Security Center alleges that it is a Texas corporation with its principal place of business located at 10750 Forest Lane, Dallas, Texas 75243.

### JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. By filing the Complaint, Counterclaim Defendants have consented to the personal jurisdiction of this Court.

6. Venue for these counterclaims is proper under 28 U.S.C. § 1391.

7. An actual and justiciable controversy exists between USA Vision and Counterclaim Defendants concerning the alleged infringement and validity of the patents-in-suit based on the Complaint alleging infringement by USA Vision.

### FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-infringement of the '345 Patent)

8. USA Vision realleges and incorporates by reference the allegations in Paragraphs 1 through 7, above.

9. USA Vision has not infringed and is not infringing any claim of the '345 patent.

10. Because an actual and justiciable controversy exists between USA Vision and Counterclaim Defendants concerning the alleged infringement of the '345 patent, this Court should declare that USA Vision does not infringe the '345 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '345 Patent)

11. USA Vision realleges and incorporates by reference the allegations in Paragraphs 1 through 10, above.

12. One or more claims of the '345 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

13. Because an actual and justiciable controversy exists between USA Vision and Counterclaim Defendants concerning the validity of the '345 patent, this Court should declare that the '345 patent is invalid.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-infringement of the '346 Patent)

14. USA Vision realleges and incorporates by reference the allegations in Paragraphs 1 through 13, above.

15. USA Vision has not infringed and is not infringing any claim of the '346 patent.

16. Because an actual and justiciable controversy exists between USA Vision and Counterclaim Defendants concerning the alleged infringement of the '345 patent, this Court should declare that USA Vision does not infringe the '346 patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '346 Patent)

17. USA Vision realleges and incorporates by reference the allegations in Paragraphs 1 through 16, above.

18. One or more claims of the '346 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

19. Because an actual and justiciable controversy exists between USA Vision and Counterclaim Defendants concerning the validity of the '346 patent, this Court should declare that the '346 patent is invalid.

## JURY DEMAND

USA Vision respectfully demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, USA Vision respectfully requests that the Court enter judgment in favor of USA Vision and award the following relief:

A. Declaratory Judgment that USA Vision has not infringed, and does not infringe, and valid and enforceable claim of the '345 patent;

B. Declaratory Judgment that the claims of the '345 patent are invalid;

C. Declaratory Judgment that USA Vision has not infringed, and does not infringe, and valid and enforceable claim of the '346 patent;

D. Declaratory Judgment that the claims of the '346 patent are invalid;

E. Declaratory Judgment that Plaintiffs recover nothing from USA Vision;

F. Dismissal with prejudice of all claims in the Complaint against USA Vision;

G. A finding that this is an exceptional case under 35 U.S.C. § 285 and award USA Vision its costs and attorneys' fees; and,

H. Any further necessary and proper relief as this Court may deem just and proper.

Respectfully submitted,

Dated: March 26, 2015

   /s/ Bradley D. Coburn
Bradley D. Coburn
State Bar No. 24036377
coburn@dcllegal.com
DENKO COBURN LAUFF LLP
3811 Bee Cave Road, Suite 204
Austin, Texas 78746
Telephone: (512) 906-2074
Facsimile: (512) 906-2075

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he electronically filed with the Court the foregoing and that a true and correct copy of the above and foregoing document has been served on March 26, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system, namely:

Steven N. Williams
swilliams@mcdolewilliams.com
Kenneth P. Kula kkula@mcdolewilliams.com
William Z. Duffy
zduffy@mcdolewilliams.com
McDOLE WILLIAMS
A Professional Corporation
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201

   /s/ Bradley Coburn
Bradley Coburn